UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC ANTHONY MULDERS,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>Defendant. | Case No. 23-cv-06395-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 23 |

For the reasons stated on the record at the April 18, 2024, hearing, the Court GRANTS Defendant's motion to dismiss.

1. Plaintiff's affirmative misrepresentation claims based on General Motors's marketing brochure as to the car's battery charging capacity and indoor storage (Fourth Cause of Action) are dismissed because Plaintiff admitted at the hearing he failed to allege facts that plausibly support an inference General Motors knew its statements were false when made. As Plaintiff indicated he could allege additional facts plausibly supporting an inference of the requisite knowledge, these claims are dismissed with leave to amend.

2. Plaintiff's fraudulent concealment claim (Fourth Cause of Action) is dismissed with leave to amend for the same reasons. The Court declines at this stage of the litigation to rule as a matter of law that Plaintiff cannot state a fraudulent concealment claim against Defendant given the California Supreme Court is presently considering the applicability of the economic loss rule and the viability of *Dhital v. Nissan N. Am., Inc.*, 84 Cal. App. 5th 828, 844 (2022), *review granted*, 523 P.3d 392 (2023).

3. Plaintiff's affirmative misrepresentation claim (Fourth Cause of Action) based on Mr. Hill's letter promising battery replacement is dismissed without leave to amend as Plaintiff conceded he could not allege facts to plausibly support an inference Defendant did not intend to abide by its promise at the time the promise was made.

4. Plaintiff's claims under California's Unfair Competition Law (Fifth Cause of Action) are dismissed without prejudice, as Plaintiff has an adequate remedy at law under the Song-Beverly Act.  *See Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020)*; Guzman v. Polaris Indus. Inc.,* 49 F.4th 1308 (9th Cir. 2022), *cert. denied sub nom. Polaris Indus. Inc. v. Albright,* 143 S. Ct. 2612, 216 L. Ed. 2d 1209 (2023).

5. Plaintiff's amended complaint, if any, shall be filed **May 10, 2024**.  Plaintiff is only given leave to amend his Fourth Cause of Action for fraud consistent with this Order.  If Plaintiff elects not to amend, the case will go forward on the remaining claims.  The initial case management conference will remain scheduled for **May 2, 2024, at 1:30 p.m. via Zoom video**.  A joint case management conference statement is due **April 25, 2024**.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: April 23, 2024

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge